UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Raheem Jamal Henderson, | ) C/A No. 2:14-2790-RMG-BM |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Colleton County Fourteenth Circuit Solicitor's Office; Assistant Solicitor Mr. Ricky Evans, | ) |
| Defendants. | ) |

The Plaintiff, Raheem Jamal Henderson, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is a pretrial detainee, housed at the Colleton County Detention Center ("CCDC"). Plaintiff seeks monetary damages and injunctive relief for alleged violations of his constitutional rights.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574



F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a *pro se* complaint to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (outlining pleading requirements under the Federal Rules of Civil Procedure).

## Discussion

Plaintiff alleges that he has was subjected to double jeopardy because on July 29, 2013, he was arrested and charged with unlawful carrying of a pistol (warrant number 2013A1520000526); on September 27, 2013, he was told by Sergeant Johnson of the CCDC that the unlawful carrying of a pistol charge, as well as two more charges, were dismissed per Assistant Solicitor Ricky Evans; and on January 25, 2014, he was issued a bench warrant for failure to appear for the charge of unlawful carrying of a pistol pursuant to a new warrant (number 2013GS1500828). Plaintiff claims that he was only arrested on this charge once, which was July 29, 2013. He also alleges that he was made aware of the situation by Sergeant Adams, who informed him that the bench warrant for the first charge was "rescinded." Complaint, ECF No. 1 at 3. Plaintiff requests



that the second unlawful carrying of a pistol charge be expunged from his record and that the Court award him $100,000. ECF No. 1 at 4.

Records from the Colleton County Clerk of Court for case number 2013A1520300526 indicate that Plaintiff was arrested on the charge of unlawful carrying of a pistol on August 1, 2013, and the charge appears to have been dismissed on September 27, 2013 (with a disposition date of September 30, 2013). *See* http://publicindex.sccourts.org/Colleton/PublicIndex/CaseDetails.aspx?County=15&CourtAgency=15001&Casenum=2013A1520300526&CaseType=C (last visited July22, 2014). Records for case number 2013GS1500828 indicate that a bench warrant was issued on January 25, 2014, for the charge of unlawful carrying of a pistol, but that the bench warrant and arrest warrant were recalled on May 16, 2014. *See* http://publicindex.sccourts.org/Colleton/PublicIndex/CaseDetails.aspx?County= 15&CourtAgency=15001&Casenum=2013GS1500828&CaseType =C (last visited July22, 2014).[1]

Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See, e.g., Younger v. Harris*, 401 U.S. 37, 44 (1971); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). In *Cinema Blue of Charlotte, Inc.*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how

---

[1] A federal court may take notice of proceedings in other courts if those proceedings have a direct relation to matters at issue. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989). The court may also take judicial notice of factual information located in postings on government websites. *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. September 8, 2008) [noting that courts may take judicial notice of governmental websites including other courts' records]; *Williams v. Long*, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. November 7, 2008) [noting that some courts have found postings on government websites as inherently authentic or self-authenticating].



3

meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Id.* at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *See Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975) (*en banc*)("Congress and the federal judiciary have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."); *cf. District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983)(federal courts cannot review state court proceeding in appellate sense); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-88 & nn.2-4 (4th Cir. 1969)(federal courts may not issue writs of mandamus against state courts). Therefore, Plaintiff should pursue dismissal of his criminal charge in the state courts, not by filing a federal civil rights action.

Additionally, to the extent Plaintiff may be attempting to assert a claim for malicious prosecution against the Defendants,[2] such claims for damages are subject to summary dismissal because no right of action has accrued. *See Heck v. Humphrey*, 512 U.S.477, 486-487 (1994). In *Heck*, the Supreme Court held that a complaint for damages under § 1983 must be dismissed if a judgment in the plaintiff's favor would necessarily imply the invalidity of his underlying conviction or sentence. *Id.* This admonition also applies to pending prosecutions, as the requirement that a conviction be set aside or charges finally dismissed without the possibility of revival before a § 1983 claim based on allegedly unlawful circumstances surrounding a criminal prosecution may be pursued is a "favorable termination" rule and is required for state-based malicious prosecution claims. *See*

---

[2]Plaintiff has not alleged that these Defendants were the persons who arrested him.

4

*Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996). Where the conviction is not actually obtained on the disputed charge or charges, as is the case here, the favorable termination rule requires that the prosecution of the criminal charges on which an alleged constitutional violation claim is based be terminated for reasons indicative of the innocence of the criminal defendant. Restatement (Second) of Torts § 660 (1977).

Finally, this action is subject to summary dismissal because the named Defendants are entitled to prosecutorial immunity. Prosecutors have absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341-343 (2009). For example, when a prosecutor "prepares to initiate a judicial proceeding," "appears in court to present evidence in support of a search warrant application," or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial "motions" hearings, absolute immunity applies. *Id.* at 343; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller–Burnside*, 208 F.3d 467 (4th Cir. 2000). In the instant action, Plaintiff's claims against the Solicitor's Office and Defendant Evans involve the prosecution of Plaintiff's criminal case. Therefore, the Defendant Colleton County Fourteenth Circuit Solicitor's Office and Defendant Evans (an Assistant Solicitor in that office) are protected from Plaintiff's claims for damages by prosecutorial immunity. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"); *see also Bernard v. County of Suffolk*, 356 F.3d 495, 502 (2d Cir. 2004) (immunity extends to "persons working under [a prosecutor's] direction, when they function as advocates for the state" and are clearly associated with the judicial process).



## Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

July 30, 2014
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



7